DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CAMPBELL AND ST. JOHN

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0014 |
| ) | |
| JULI CAMPBELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is Juli Campbell's motion for (1) an order directing the Bureau of Prisons to determine Juli Campbell's eligibility for home confinement under 18 U.S.C. § 3624(c)(2) or (2) a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 148). Also before the Court is Juli Campbell's emergency motion for an order directing the Bureau of Prisons to immediately release Juli Campbell. (ECF No. 155). For the reasons stated below, the Court will deny the motions for orders directing the Bureau of Prisons to take certain actions. The Court will also deny the motion for a reduction in sentence due to Campbell's failure to demonstrate that such a reduction is warranted by extraordinary and compelling reasons.

## I. BACKGROUND

On February 21, 2019, a federal grand jury in the U.S. Virgin Islands returned a sixteen-count indictment charging Juli Campbell ("Campbell") with eight counts of major disaster fraud and several related offenses.

On July 31, 2019, the Court accepted Campbell's guilty plea to Count Six of the indictment.

On January 16, 2020, the Court sentenced Campbell to a term of imprisonment of 14 months and four years supervised release.

On April 12, 2020, Campbell filed a motion captioned "Motion Requesting Order to the Bureau of Prisons." (ECF No. 148). In her motion, Campbell requests that the Court order the Bureau of Prisons ("BOP") to determine her eligibility for home confinement pursuant to

18 U.S.C. § 3624 (c)(2). *See* Mot. Requesting Order to the Bureau of Prisons at 5, ECF No. 148. Campbell also requests that the Court reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Campbell asserts that the relief she requests is warranted due to the COVID-19 pandemic.

On April 24, 2020, the United States filed a response to Campbell's motion. In its response, the United States asserts the Campbell's request that the Court order the BOP to determine her eligibility for home confinement pursuant to 18 U.S.C. § 3624 (c)(2) is moot because the BOP made such a determination and referred Campbell for home confinement. The United States also opposes Campbell's request for a reduction in sentence, asserting that she has not exhausted her administrative remedies.

On May 27, 2020, Campbell filed a motion captioned "Emergency Motion Requesting Order to the Bureau of Prisons." (ECF No. 155). In her motion, Campbell confirms that the BOP recommended her for home confinement pursuant to 18 U.S.C. § 3624 (c)(2) on April 23, 2020. Nevertheless, Campbell asserts that due to administrative delays, she has not yet been released by the BOP. As such, Campbell requests that the Court enter an order directing the BOP to immediately release her to home confinement. The United States has not responded to this motion.

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3624(c), the BOP is authorized to place prisoners in home confinement under certain conditions.

> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent

practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

18 U.S.C. § 3624(c).

Significantly, Campbell's motions do not attempt to set forth any authority pursuant to which the Court could order the BOP to take action under 18 U.S.C. § 3624(c). Moreover, the Court is unable to discern from Campbell's arguments any attempt to demonstrate her legal entitlement to relief under the applicable standards of any such authority.[1] While the Court appreciates concern for a speedy resolution in the current circumstances, it cannot discard the fundamental principle that a party must demonstrate its legal entitlement to the relief sought.[2] As such, the Court will deny Campbell's motions for orders directing the Bureau of Prisons to take certain actions.

In her April 12, 2020, motion, Campbell also requests a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that:

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
>   . . .

---

[1] For example, "[a] district court has jurisdiction over mandamus actions [pursuant to 28 U.S.C. § 1361] 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Murray v. Grondolsky*, 369 F. App'x 318, 320 (3d Cir. 2010). "Mandamus relief is to be issued only in extraordinary circumstances, where the petitioner demonstrates that he has no alternative means to achieve the relief sought, and that he has a clear and indisputable right to the writ." *Id.* Campbell's arguments do not address this standard. A district court also has jurisdiction under 28 U.S.C. § 2241 to consider a federal prisoner's challenge to a decision by the BOP under 18 U.S.C. § 3624(c). *See Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (citing *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005)). "However, prior to filing [a] petition [for relief pursuant to 28 U.S.C. § 2241], [a prisoner is] required to exhaust [her] administrative remedies." *Vasquez*, 684 F.3d at 433. Campbell does not address this requirement either. Significantly, the Court does not decide here whether the aforementioned examples would be the appropriate vehicles through which Campbell could assert her claims.

[2] Moreover, counsel is reminded that the local rules require that any motion filed be accompanied by "a concise statement of reasons and citation of authorities." LRCi 7.1(c).

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, prior to a District Court considering a defendant's motion for compassionate release pursuant to Section 3582, either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, "Campbell has asserted that she entered her request, more the once, more than 30 days ago, but never received an answer." *See* Mot. Requesting Order to the Bureau of Prisons at 2, ECF No. 148. The United States disputes that Campbell has entered such a request. *See* Government's Opp'n to Def.'s Mot. Requesting Order to the Bureau of Prisons at 2, 4, ECF No. 151. Significantly, neither party has offered the Court any evidence supporting their assertions. Nevertheless, even if Campbell were to demonstrate that she had made such a request to the BOP more than 30 days before she filed her motion for a reduction in sentence, the Court would deny her motion because she has failed to demonstrate extraordinary and compelling reasons that warrant a reduction in her case. Indeed, while Campbell emphasizes the generalized concerns presented by the COVID-19 pandemic, Campbell does not offer any facts or argument as to why a reduction in sentence is warranted in her individual case. *See Raia*, 954 F.3d at 597 (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

The premises considered, it is hereby

**ORDERED** that Juli Campbell's motions for orders directing the Bureau of Prisons to take certain actions, ECF Nos. 148 and 155, and motion for a reduction in sentence, ECF No. 148, are **DENIED.**

**Dated:** May 28, 2020                                s/ *Robert A. Molloy*
                                                                                                    **ROBERT A. MOLLOY**
                                                                                                    **District Judge**